ELDRIDGE V. BLACK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Black v. Commissioner
Docket No. 15041-85.
United States Tax Court
T.C. Memo 1987-212; 1987 Tax Ct. Memo LEXIS 211; 53 T.C.M. (CCH) 679; T.C.M. (RIA) 87212; April 28, 1987. Eldridge V. Black, pro se. Susan M. Gray, for the respondent. PARR
MEMORANDUM FINDINGS OF FACT AND OPINION PARR, Judge: The Commissioner determined a deficiency in petitioner's Federal income tax for 1981 in the amount of $19,644.65 and an addition to tax pursuant to section 6653(b) [1] in the amount of $9,822.33. Respondent filed a motion for summary judgment on February 6, 1987. Petitioner was given an opportunity to object to respondent's motion, but failed to do so. Petitioner did not appear at the trial of his case, nor did he offer any evidence or argument to rebut the deficiencies in Federal income tax. The *212 sole argument advanced to this Court by petitioner, as expressed in his petition and reply to respondent's affirmative allegations, is that the United States Attorney General's Office violated an immunity agreement by turning over information to the Internal Revenue Service, which provided the basis for the deficiency and addition to tax in dispute. The issues for decision are: (1) whether respondent is precluded by the immunity agreement from making the above determinations; (2) whether petitioner failed to report illegal kickback income of $49,674.78; and (3) whether petitioner is liable for the fraud addition. On December 18, 1986, respondent mailed to petitioner a request for admissions. Petitioner did not respond. The facts therein are therefore deemed admitted, under Rule 90(c), and they form the basis for our findings herein. FINDINGS OF FACT Peitioner is an individual who resided in Euclid, Ohio, when he filed the petition in this case. He timely filed a joint Federal income tax return with his then-wife Patricia Black for the taxable year 1981. [2]
*213 During 1981 petitioner was employed at the Cuyahoga Metropolitan Housing Authority (CMHA). As assistant chief of maintenance, petitioner was in a position to award service contracts to various service providers. On a number of occasions petitioner received kickback income from the service providers in return for the awarding of a contract. During 1981 petitioner received the following kickback payments from the following contractors: Contractor
Amount
Hydro-Chem Corp.
$ 6,250.00
Great Lakes Welding & Boiler Company
11,327.28
Comfort Air, Inc.
32,097.50
Total
$49,674.78
Petitioner reported only $14,469.64 as income in 1981. He did not report any of this kickback income on his income tax return for the taxable year 1981. In December 1981 a Federal Grand Jury investigation was initiated to ascertain whether kickback payments were being made by CMHA service and maintenance contractors to officials at CMHA. On July 9, 1982, petitioner entered into an immunity agreement with the United States which provided that, in return for complete disclosure, cooperation, and testimony "the United States Attorney for the Northern District of Ohio will forbear from *214 bringing Federal criminal charges against you for your actions related solely to the subject matter of this investigation and occurring since June 1981. This promise of forbearance is limited solely to the areas of potential criminal conduct revealed in the course of your interview with special agents of the Federal Bureau of Investigation completed by the date of this letter." The agreement also required that petitioner fully cooperate with the Grand Jury investigation by testifying before the Grand Jury and at any trials, by wearing a concealed tape recorder on his person in order to record any incriminating statements made by him or others, and also by notifying law enforcement officials of all kickback payments that he received. Petitioner also agreed that he could be prosecuted to the fullest extent of the law if he failed to give honest, truthful, and candid information. However, petitioner falsely represented to the United States Attorney and the FBI that his role in the kickback schemes was that of a courier who picked up kickback payments as instructed by his superiors at CMHA. He also falsely represented that he did not initiate any of the kickback schemes or negotiate *215 or establish the amounts of the kickback payments. Also, while purportedly cooperating with the Grand Jury investigation by wearing a concealed tape recorder, petitioner alerted CMHA service and maintenance contractors with whom he met that he was wearing the tape recorder. This action resulted in the recording of several contrived exculpatory conversations from the contractors. On February 14, 1984, petitioner was indicted on five counts of perjury and seven counts of obstructing justice for having lied to the Grand Jury, underreported and neglected to turn over the kickback payments that he had received, and alerted or "tipped off" CMHA service and maintenance contractors that he was wearing a concealed tape recorder on his person in order to secure contrived, exculpatory statements from said contractors. He was convicted of all counts on June 4, 1984. During the examination of petitioner's income tax return for the taxable year 1981 he made a number of false statements to respondent's agent which were similar in most respects to those false statements made to the Grand Jury, FBI, and United States Attorney's Office, including statements regarding the amounts of the kickback *216 payments which petitioner had received and the ultimate recipient of said kickback payments. OPINION Petitioner has not challenged the accuracy of respondent's determination with regard to the deficiency or the addition to tax. In his petition and response to the affirmative allegations contained in respondent's answer, petitioner merely asserted that the information necessary to make respondent's determinations was provided by the United States Attorney in violation of an immunity agreement. Petitioner bears the burden of proof on this issue. Rule 142(a). Rule 121 provides that a decision on a motion for summary judgment shall be rendered "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." The party opposing the motion cannot rest upon the allegations or denials in his pleadings, but must "set forth specific facts showing that there is a genuine issue for trial." Rule 121(d). The moving party, however, bears the burden of proving that there is no genuine issue of material *217 fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. . Here there is no issue of material fact. Petitioner attached to his petition as exhibit A a copy of a letter dated July 9, 1982, from the United States Attorney, Northern District of Ohio, to himself, which we understand to be the document both parties have described as the immunity agreement. The agreement states, "this promise of forbearance is limited solely to the areas of potential criminal conduct * * *." (Emphasis added.) The final paragraph of the agreement states "the foregoing represents any and all promises and commitments being made to you * * *." Clearly, petitioner was not immunized from any civil matter arising out of the same incidents. Since the case before us involves only civil tax liability, we hold that respondent was not precluded by the immunity letter from pursuing civil remedies against petitioner. [3]
*218 Since petitioner offered no evidence to rebut the deficiency determined by respondent, he has failed to meet his burden of proof. We find that he is liable for a deficiency in the amount so determined. Respondent bears the burden of proving by clear and convincing evidence that petitioner is liable for the additions to tax for fraud with intent to evade payment of Federal income tax pursuant to section 6653(b). Section 7454(a); Rule 142(b). This burden is satisfied if respondent establishes that petitioner intended to evade taxes known to be owing by proving conduct designed to conceal, mislead, or otherwise prevent the collection of such taxes. . The existence of fraud is a question of fact and is never presumed. . Respondent's burden of proving fraud by affirmative evidence can be met by allegations of fact deemed admitted under Rule 90(c). . Respondent argues that the facts deemed admitted under Rule 90(c) are sufficient to satisfy his burden of proving that some portion of petitioner's *219 understatement of income for each year was due to fraud. We agree. In the instant case, petitioner is deemed to have admitted facts which overwhelmingly established a substantial, intentional omission of taxable income for 1981, the year in question. The omission of a substantial amount of taxable income is an indication of fraud. . Here, even though only a single tax year is involved, petitioner's omission of almost $50,000 in taxable income while reporting only $14,469.64, standing alone, is strong evidence of his fraudulent intent. See . A willful attempt to evade tax may be found from any conduct calculated to mislead or conceal. . Not only did petitioner attempt to conceal his taxable income by failing to report it, but he continued to deny its receipt to the United States Attorney and to respondent's investigating agent. His lack of cooperation with the government despite an immunity agreement, and his false declarations to a Federal Grand Jury regarding his awareness *220 of and participation in the kickback schemes are further evidence of his fraudulent intent. Based on this record, we are completely persuaded that petitioner's underpayment of his tax liability was attributable to his fraudulent intent to evade his legitimate tax liability. Accordingly, An appropriate order and decision will be entered.
Footnotes
1. Unless otherwise indicated all section references are to the Internal Revenue Code as in effect during the year in issue. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The statutory notice of deficiency which forms the basis for this case is addressed only to Eldridge Black. Patricia Black is not a party herein.↩
3. Because of the plain language of the immunity letter, we need not consider whether petitioner's violation of the immunity agreement rendered the agreement null and void.↩